QUINN EMANUEL URQUHART & SULLIVAN, LLP
Claude M. Stern (Bar No. 96737)
  claudestern@quinnemanuel.com
Margret M. Caruso (Bar. No. 243473)
  mmc@quinnemanuel.com
Mark Tung (Bar No. 245782)
  marktung@quinnemanuel.com
Michael F. LaFond (Bar No. 303131)
  michaellafond@quinnemanuel.com
555 Twin Dolphin Dr., 5th Fl.
Redwood Shores, California 94065
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

Attorneys for Net Ease, Inc., NetEase Information Technology Corporation, and Hong Kong NetEase Interactive Entertainment, Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PUBG Corporation and PUBG Santa Monica, Inc.<br><br>Plaintiffs,<br><br>v.<br><br>NetEase, Inc., NetEase Information Technology Corporation, and Hong Kong NetEase Interactive Entertainment, Ltd.<br><br>Defendants. | Case No. 4:18-cv-02010-JSW<br><br>**DEFENDANTS NETEASE, INC., NETEASE INFORMATION TECHNOLOGY CORPORATION, AND HONG KONG NETEASE INTERACTIVE ENTERTAINMENT, LTD.'S REQUEST FOR JUDICIAL NOTICE FILED IN SUPPORT OF ITS MOTION TO DISMISS** |

# REQUEST FOR JUDICIAL NOTICE

Defendants NetEase, Inc., NetEase Information Technology Corporation, and Hong Kong NetEase Interactive Entertainment, Ltd respectfully request that, pursuant to Federal Rule of Evidence 201, this Court take judicial notice of the following materials and facts submitted in support of the Defendants' Notice of Motion and Motion to Dismiss:

## Works at Issue

1. A new, unopened Microsoft Xbox One. (Ex. 1 to the Declaration of Michael LaFond in Support of Defendants' Motion to Dismiss ("LaFond Decl.")).
2. A new, unopened *Battlegrounds* Xbox video game. (Ex. 2 to LaFond Decl.).
3. A new, unopened Samsung Galaxy S9. (Ex. 3 to LaFond Decl.).
4. NetEase's *Rules of Survival* video game, as downloaded from the Google Play Store onto a Samsung Galaxy S9. (*see* Exs. 4 and 5 to LaFond Decl.).
5. NetEase's *Knives Out* video game, as downloaded from the Google Play Store onto a Samsung Galaxy S9. (*see* Exs. 4 and 5 to LaFond Decl.).

## Generic "Battle Royale" Video Game Elements

6. Launching a game by an "air jump," where a large number of players are dropped into a setting, is a common element of video games in the battle royale genre.
7. Requiring players to search for and acquire equipment, weapons and ammunitions, armor, clothing and equipment is a common element of video games in the battle royale genre.
8. A large map that shrinks over time is a common element of video games in the battle royale genre.
9. A scene containing buildings is a common element of a video games in the battle royale genre.

## Patents

10. US Patent 1,425,808. (Ex. 10 to LaFond Decl.).
11. US Patent 6,500,214. (Ex. 11 to LaFond Decl.).
12. US Patent Application 2012/0137869. (Ex. 12 to LaFond Decl.).

| | |
|---|---|
| 1 | 13. US Patent 4,699,063. (Ex. 13 to LaFond Decl.). |

**Videos and Charts of Video Screen Shots**

14. An 11 minute and 8 second, timestamped video file, depicting accurate and unedited gameplay from *Playerunkown's Battlegrounds*, as well as accurate and unedited player interactions with the *Playerunkown's Battlegrounds* interface. (Ex. 14 to LaFond Decl.).

15. An 11 minute and 4 second, timestamped video file, depicting accurate and unedited gameplay from *Playerunkown's Battlegrounds*, as well as accurate and unedited player interactions with the *Playerunkown's Battlegrounds* interface. (Ex. 15 to LaFond Decl.).

16. An 8 minute and 23 second, timestamped video file, depicting accurate and unedited gameplay from NetEase's *Rules of Survival*, as well as accurate and unedited player interactions with the *Rules of Survival* interface (Ex. 16 to LaFond Decl.).

17. An 10 minute and 51 second, timestamped video file, depicting accurate and unedited gameplay from NetEase's *Rules of Survival*, as well as accurate and unedited player interactions with the *Rules of Survival* interface. (Ex. 17 to LaFond Decl.).

18. An 6 minute and 27 second, timestamped video file, depicting accurate and unedited gameplay from NetEase's *Knives Out*, as well as accurate and unedited player interactions with the *Knives Out* interface. (Ex. 18 to LaFond Decl.).

19. An 9 minute and 12 second, timestamped video file, depicting accurate and unedited gameplay from NetEase's *Knives Out*, as well as accurate and unedited player interactions with the *Knives Out* interface. (Ex. 19 to LaFond Decl.).

20. Screenshots taken of NetEase's *Rules of Survival*. (Ex. 20 to LaFond Decl.).

21. Screenshots taken of NetEase's *Knives Out*. (Ex. 21 to LaFond Decl.).

**SEC Filings**

22. An excerpt from NetEase Inc.'s April 21, 2017 Form 20-F, as filed with the SEC (Ex. 22 to LaFond Decl.).

**Copyright Office Circular**

23. Copyright Office Circular FL-108 (Ex. 23 to LaFond Decl.).

## ARGUMENT

### I. LEGAL STANDARD

When ruling on a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6), "a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice . . . [h]owever, in order to prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting ... documents upon which their claims are based, a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (internal citations and quotations omitted); *see also Hawthorne v. Umpqua Bank*, 2013 WL 5781608, at *4 (N.D. Cal. Oct. 25, 2013) ("[C]ourts may properly take judicial notice of material attached to the complaint . . . . If the documents are not attached to the complaint, they may be considered if their authenticity is not contested and the complaint necessarily relies on them.") (internal citations and quotations omitted).

"Judicial notice is governed by Rule 201 of the Federal Rules of Evidence." *Roe v. SFBSC Mgmt., LLC*, 2015 WL 930683, at *4 (N.D. Cal. Mar. 2, 2015). Judicial notice permits a court to accept facts that are "not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Cox v. Old Republic Nat'l Title Ins. Co.*, 2016 WL 301974, at *4 (N.D. Cal. Jan. 25, 2016). In ruling on a request for judicial notice, Federal Rule of Evidence 201 states that "[t]he court . . . . must take judicial notice if a party requests it and the court is supplied with the necessary information." *See also In re Yahoo! Inc. S'holder Derivative Litig.*, 2015 WL 9319307, at *5 (N.D. Cal. Dec. 23,

2015) ("Judicial notice is mandatory if a party requests it and the court is supplied with the necessary information") (internal quotation omitted).

## II. JUDICIAL NOTICE AND INCORPORATION OF THE WORKS REFERENCED IN THE COMPLAINT

When ruling on a Rule 12(b)(6) motion, a court may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions," even where those documents are not physically attached to the pleading. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overturned on other grounds). The works the subject of Plaintiff's claims in the Second Amended Complaint ("SAC") are properly subject to judicial notice here, as the content of these audiovisual works are alleged in the SAC, and their authenticity is not questioned.

This District has recognized that such works are properly the subject of judicial notice. *See, e.g. Campbell v. Walt Disney Co.*, 718 F. Supp. 2d 1108, 1111 n. 3 (N.D. Cal. 2010) (taking judicial notice of accused works where "Plaintiff refers to the contents of the motion picture "Cars" and the text of "The Challenge" in the Complaint but does not attach either as an exhibit"); *see also Thomas v. Walt Disney Co.*, 2008 WL 425647, at *2 n. 1 (N.D. Cal. Feb. 14, 2008) (granting judicial notice of works referenced in copyright infringement complaint).

Here, as in the cited cases, Plaintiff's copyright claim is based on the *Battlegrounds* video game, which is referenced in the SAC but it is not physically attached to it. The SAC also references *Knives Out* and *Rules of Survival*, which are identified as the allegedly infringing works, but are also not attached to the SAC. Because the content of these video games are referenced in the SAC, and Plaintiff necessarily relies on these works for the basis of its copyright claim, these materials are incorporated by reference in the SAC and are properly subject to judicial notice.

## III. JUDICIAL NOTICE OF GENERIC OR COMMON ELEMENTS OF THE BATTLE ROYALE VIDEO GAME GENRE

Courts frequently take judicial notice of generic elements that are prevalent throughout a given genre. *Fillmore v. Blumhouse Prods., LLC*, 2017 WL 4708018, at *2 (C.D. Cal. July 7, 2017) ("Courts may also take judicial notice of generic elements of creative works and elements

common to a genre." (internal quotation and mark up omitted)); *Silas v. Home Box Office, Inc.*, 201 F. Supp. 3d 1158, 1170 (C.D. Cal. 2016) ("[C]ourts … have previously taken judicial notice of elements that are common to a given genre.").

Judicial notice of genre elements is appropriate where the elements can be readily determined from examining popular media. *E.g. Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1129 (C.D. Cal. 2007) (taking judicial notice of that "(a) a host; (b) guest celebrities; (c) an interview; and (d) a cooking segment" are generic elements of celebrity cooking shows because "these elements are generally known and can be verified simply by watching television for any length of time"); *Fillmore*, 2017 WL 4708018, at *3 ("Because the determination of copyright infringement requires an examination of the actual works themselves and a finding of substantial similarity between Plaintiff's protected expression and Defendants' Film, the Court may take judicial notice of the two works as well as generic literary elements and undisputable facts related thereto.").

Defendants submit the publications attached to the LaFond Declaration as Exhibits 6, 7, 8, and 9[1] as examples popular media reflecting the common elements of video games in the "battle royale" genre. Judicial notice of these documents is appropriate because courts may take judicial notice of publications introduced to show what was in the public realm at the time. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) ("[W]e take judicial notice of [the articles] solely as an indication of what information was in the public realm at the time). Further, the Court may take judicial notice of documents and information on the Internet. *See Slep-Tone Entm't Corp. v. Wired for Sound Karaoke & DJ Servs., LLC*, 845 F.3d 1246, 1247 (9th Cir. 2017) (Internet definition of "karaoke"); *Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F.

---

[1] Article printed from Gamespot, and available at: https://www.gamespot.com/articles/battle-royale-games-explained-fortnite-pubg-and-wh/1100-6459225/. (Exhibit 6 to the LaFond Decl.). Article printed from Digital Trends, and available at: https://www.digitaltrends.com/gaming/history-of-battle-royale-games/. (Exhibit 7 to the LaFond Decl.). Article printed from Plarium, and available at: https://plarium.com/en/blog/battle-royale/. (Exhibit 8 to the LaFond Decl.). Article printed from Wired, and available at: https://www.wired.com/story/fortnite-battlefield-rise-of-battle-royale/. (Exhibit 9 to the LaFond Decl.).

1  Supp. 3d 755, 762-63 (C.D. Cal. 2015) ("It is not uncommon for courts to take judicial notice of
2  factual information found on the world wide web").
3       Based on these articles (and others like them), the common elements of the battle royale
4  genre for video games include (i) a large group of players entering the game setting through a
5  "drop" mechanism; (ii) players starting with nothing, and searching for and acquiring equipment,
6  weapons and ammunitions, armor, clothing and equipment as the game progresses; (iii) a large
7  map that shrinks over time ; and (iv) a scene containing buildings and obstacles.
8       Here, the Defendants ask the Court to take judicial notice that the use of (i) a large group
9  of players entering the game setting through a "drop" mechanism; (ii) players starting with
10 nothing, and searching for and acquiring equipment, weapons and ammunitions, armor, and
11 clothing as the game progresses; (iii) a large map that shrinks over time ; and (iv) a scene
12 containing buildings and obstacles, did not originate with Plaintiff's work, but instead are common
13 elements of the battle royale video game genre.

### A. A Large Group of Players Entering the Game Through a "Drop" Mechanism

Commencing a game by dropping a large number of players into a location is a common element of a video game designed within the battle royale genre. *See e.g.*, Ex. 6 to LaFond Decl. ("100 people drop onto an island empty-handed" and "What Makes a Battle Royale Game? Last Man Standing: Games typically feature models of one vs. 99 other players, two vs. 50 other groups, or four vs. 25 other squads of four").

### B. Players are Required to Search For and Acquire Equipment, Weapons Modifications and Ammunition, Armor, and Clothing

Games designed within the battle royale genre revolve around players acquiring equipment, weapons, armor and clothing as they progress through the game. *See e.g.*, Ex 6 to LaFond Decl. ("All players start with minimal equipment and must search for armor, gear and weapons"; Ex. 8 to LaFond Decl. ("Battle-royale games hew to a few core mechanics. The first is helplessness: Everyone starts the game either weak or utterly unarmed").

### C. Play is Defined by a Play Map Which Shrinks Over Time

The battle royale genre is defined by its play map, which shrinks over time to build tension

and force players into the same area, where the last player standing wins. *See* Ex. 5 to LaFond Decl. ("[T]he basic framework of a match is always the same: One big map, a large pool of players, randomized gear to find, and a slowly shrinking battle arena to force combatants into more tense confrontations"); Ex. 6 to LaFond Decl. ("Almost all Battle Royale games feature a large storm or player-damaging barrier that forces players closer together until one player or group is left standing"); Ex. 7 to LaFond Decl. ("This simple formula is the basis of the Battle Royale games: a large group of equal players, a huge map that slowly shrinks over time, and scarce guns and ammo"); Ex. 8 to LaFond Decl. ("Most battle-royale games also use an ever-growing external threat in order to force all players into a smaller and smaller area, and ultimately into combat").

### D. Scene with Buildings and Obstacles

A battle setting with buildings and obstacles for players to overcome is a common element of games designed in the battle royale genre. *See* Ex. 6 to LaFond Decl. ("One of the hallmark features of Battle Royale games are massive maps that feature abandoned towns, lush environments, and numerous explorable buildings").

Judicial notice is appropriate where a fact is generally known within the court's territorial jurisdiction. FRE 201(b)(1). That the battle royale genre exists and encompasses the common elements discussed above is generally known in this jurisdiction as the articles extracted as Exhibits 5, 6, 7, and 8 to LaFond Declaration were published widely to audiences on the Internet in 2018. Judicial notice that battle royale is a type of video game genre is therefore appropriate in this case. *Fillmore*, 2017 WL 4708018, at *2 (taking judicial notice of elements common to a genre); *see also Capcom U.S.A., Inc. v. Data E. Corp.*, 1994 WL 1751482, at *2 (N.D. Cal. Mar. 16, 1994) (recognizing features common to a video game genre); *OG Int'l, Ltd. v. Ubisoft Entm't*, 2011 WL 5079552, at *2 (N.D. Cal. Oct. 26, 2011) (recognizing that "dance" video games fall into distinct genres).

## IV. JUDICIAL NOTICE OF PATENTS

Courts may take judicial notice of patents because they are matters of public record. Here, Exhibits 10, 11, 12 and 13 to LaFond Declaration are patents, and are therefore properly the subject of judicial notice. *See X One, Inc. v. Uber Techs., Inc.*, 2017 WL 878381, at *4 (N.D. Cal.

1  Mar. 6, 2017) ("Patents are matters of public record and the proper subject of judicial notice.").

2  **V.  <u>JUDICIAL NOTICE OF VIDEOS AND CHARTS OF VIDEO SCREENSHOTS</u>**

3  When ruling on a motion to dismiss, courts may take judicial notice of video game
4  screenshots, video of a copyrighted work, and video of events that are described in the complaint.
5  *See Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 985 (N.D. Cal. 2010) (granting
6  judicial notice of "a screen shot from the game 'Mass Effect 2'"); *Harold Lloyd Entm't, Inc. v.*
7  *Moment Factory One, Inc.*, 2015 WL 12765142, at *1 (C.D. Cal. Oct. 29, 2015) (taking judicial
8  notice of video of a portion of a copyrighted work); *Wynn v. Chanos*, 75 F. Supp. 3d 1228, 1235
9  (N.D. Cal. 2014) (taking judicial notice of a video depicting allegedly defamatory statements in
10 the context of a motion to dismiss).

11 Here, Exhibits 14, 15, 16, 17, 18, and 19 to the LaFond Declaration are videos of
12 copyrighted works, the operation of which is critical to the underlying complaint. Accordingly,
13 either basis is sufficient to permit judicial notice of these videos. *Harold Lloyd*, 2015 WL
14 12765142 at *1; *Wynn*, 75 F. Supp. 3d at 1235

15 Similarly, Exhibit 20 and 21 to the LaFond Declaration are compilations of screenshots
16 from the *Battlegrounds*, *Rules of Survival*, and *Knives Out* video games, and judicial notice of
17 these screenshots is appropriate. *Datel Holdings*, 712 F. Supp. 2d at 985.

18 **VI.  <u>JUDICIAL NOTICE OF POPULAR MEDIA IS APPROPRIATE TO SHOW THAT**
19 **A PHRASE IS NOT ORIGINAL</u>**

20 When ruling on a motion to dismiss in a copyright action, a court may take judicial notice
21 of song lyrics, the titles or works, or similar popular media for the purpose of determining whether
22 a given phrase is original to the plaintiff. *See Hall v. Swift*, 2018 WL 2317548, at *3 (C.D. Cal.
23 Feb. 13, 2018) (taking judicial notice of commonly used band names, song titles and song lyrics
24 for the purpose of determining that the phrase "Playas, they gonna play / And haters, they gonna
25 hate" was not original to the plaintiffs). Here, the Internet Movie Database's webpage entry for
26 the movie *21*, accessible at https://www.imdb.com/title/tt0478087/?ref_=fn_al_tt_1, and attached
27 as Exhibit 24 to the LaFond Declaration, is being submitted by the Defendants to demonstrate that
28 the phrase "winner winner chicken dinner" was recognized as being used in the popular lexicon at

least as of the release of the movie *21* in 2008. Courts have previously take judicial notice of records from the Internet Movie Database. *See, e.g. Allied Artists Int'l, Inc. v. Rooks*, 2010 WL 11507999, at *7 & n. 5 (C.D. Cal. Mar. 1, 2010) (identifying an entry in the "Internet Movie Database" as "information that is subject to judicial notice"); *see also Klein v. Leis*, 2006 WL 1489686, at *1 (S.D. Ohio May 30, 2006) ("The Court takes judicial notice of the fact that the theatrical film *Silence of the Lambs* (Orion Pictures, 1991) featured a serial murderer character named Hannibal Lector (or Lecter). *See, e.g., http:// www.imdb.com/title/tt0102926/*"). Accordingly judicial notice of the entry for *21* in the Internet Movie Database is proper.

## VII. JUDICIAL NOTICE OF SEC FILINGS

SEC filings are public records, and therefore properly subject to judicial notice. *See Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n. 2 (9th Cir. 2006) ("We … may consider documents referred to in the complaint or any matter subject to judicial notice, such as SEC filings"). Exhibit 22 to the LaFond Declaration is an excerpt from NetEase Inc.'s April 21, 2018 Form 20-F filing with the SEC, and therefore properly noticed.

## VIII. JUDICIAL NOTICE OF COPYRIGHT OFFICE RECORDS

Courts may take judicial notice of printouts from the government websites, including the Copyright Office. *See Worldwide Subsidy Grp., LLC v. Fed'n Int'l de Football Ass'n*, 2014 WL 12631652, at *2 (C.D. Cal. June 9, 2014) (noting "Courts can take judicial notice of documents available on government websites" and taking judicial notice of Copyright Office records); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities[.]"). The Copyright Office publishes Copyright Circulars on its website. Exhibit 23 to the LaFond Declaration is Copyright Circular FL-108, which was downloaded from the Copyright Office website at https://www.copyright.gov/fls/fl108.pdf. Accordingly, judicial notice of Circular FL-108 is appropriate.

## CONCLUSION

For the foregoing reasons, NetEase, Inc., NetEase Information Technology Corporation, and Hong Kong NetEase Interactive Entertainment Limited respectfully request that the Court take

judicial notice of Exhibits 1 through 24 to the LaFond Declaration.

DATED: July 18, 2018

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By */s/ Claude M. Stern*
    Claude M. Stern
    Margret Caruso
    Mark Tung
    Michael F. LaFond
    *Attorneys for NetEase, Inc., NetEase Information Technology Corporation, and Hong Kong NetEase Interactive Entertainment Limited*