UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND

| | |
|---|---|
| PUBG CORPORATION AND PUBG SANTA MONICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NETEASE, INC., NETEASE INFORMATION TECHNOLOGY CORPORATION, AND HONG KONG NETEASE INTERACTIVE ENTERTAINMENT LIMITED, <br><br> Defendants. | Case No. 4:18-cv-02010-JSW <br><br> **[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS** <br><br> Assigned to: Hon. Jeffrey S. White <br><br> Date: September 7, 2018 <br> Time: 9:00 a.m. <br> Place: Courtroom 5, 2nd Floor |

Before the Court is Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (the "Complaint"). Having considered the papers and arguments in support of and opposition to the motion, and good cause appearing, the Court hereby ORDERS as follows:

The Court DENIES Defendants' Request for Judicial Notice with respect to Request Nos. 4-5 and 16-21 and the corresponding exhibits to the LaFond Declaration on the grounds that the Requests and Exhibits relate to versions of *Rules of Survival* and *Knives Out* that have not been incorporated by reference into the complaint, and are not properly subject to judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The Court further DENIES Defendants' Request for Judicial Notice with respect to Request Nos. 6-9 and the corresponding exhibits to the LaFond Declaration, as well as Exhibit 24 to the LaFond Declaration, on the grounds that the Requests and Exhibits reflect both hearsay (Fed. R. Evid. 802) and improper opinion evidence (Fed. R. Civ. Proc. 26(a)(2)), and constitute material that is not generally known and cannot be determined by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

The Court DENIES Defendants' motion to dismiss Plaintiffs' claim for copyright infringement because the Complaint adequately alleges that multiple elements contained in Defendants' video games *Rules of Survival* and *Knives Out*, both individually and in their collective selection, combination, and arrangement, are substantially similar to protectable elements in Plaintiffs' video game PLAYERUNKNOWN'S BATTLEGROUNDS. *See, e.g., Spry Fox LLC v. LOLApps Inc.*, 2012 WL 5290158, at *5 (W.D. Wash. Sep. 18, 2012); *Metcalf v. Bochco*, 294 F.3d 1069, 1074 (9th Cir. 2002). Defendants' motion to dismiss Plaintiffs' Lanham Act claim fails because the Complaint adequately alleges both "passing off" and the protectability of Plaintiffs' trade dress. *Williams v. Cavalli*, 2015 WL 1247065, at *5 (C.D. Cal. Feb. 12, 2015). In light of the viability of Plaintiffs' Lanham Act claim, Defendants' motion to dismiss Plaintiffs' statutory and common law unfair competition claims also fails. *Luxul Tech. Inc. v. Nectarlux, LLC*, 78 F. Supp. 3d 1156, 1174 (N.D. Cal. 2015); *First Brands Corp. v. Fred Meyer, Inc.*, 809 F.2d 1378, 1381 (9th Cir. 1987).

Accordingly, for the reasons stated above, Defendants' Request for Judicial Notice is DENIED as to Exhibits 4–9, 16–21, and 24, and Defendants' Motion to Dismiss is DENIED in its entirety.

IT IS SO ORDERED.

DATED: _____, 2018        _____
                                          HONORABLE JEFFREY S. WHITE
                                          UNITED STATES DISTRICT JUDGE