SIDLEY AUSTIN LLP
Steven S. Baik (Bar No. 184622)
  sbaik@sidley.com
Jinyung Lee (Bar No. 307222)
  jinyung.lee@sidley.com
Ryuk Park (Bar No. 298744)
  ryuk.park@sidley.com
1001 Page Mill Road, Building 1
Palo Alto, CA 94304
Telephone: (650) 565-7074
Facsimile: (650) 565-7100

Rollin A. Ransom (Bar No. 196126)
  rransom@sidley.com
555 West Fifth Street
Los Angeles, CA 90013
Telephone: (213) 896-6047
Facsimile: (213) 896-6600

Ketan V. Patel (*pro hac vice*)
  ketan.patel@sidley.com
787 Seventh Avenue New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (650) 839-5599

Amanda R. Farfel (Bar No. 288126)
afarfel@sidley.com
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: (310) 595-9661
Facsimile: (310) 595-9501

*Attorneys for Plaintiffs PUBG Corporation and PUBG Santa Monica, Inc.*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Claude M. Stern (Bar No. 96737)
  claudestern@quinnemanuel.com
Margret M. Caruso (Bar. No. 243473)
  mmc@quinnemanuel.com
Mark Tung (Bar No. 245782)
  marktung@quinnemanuel.com
Michael F. LaFond (Bar No. 303131)
  michaellafond@quinnemanuel.com
555 Twin Dolphin Dr., 5th Fl.
Redwood Shores, California 94065
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

*Attorneys for Defendants NetEase Inc., NetEase Information Technology Corporation and Hong Kong NetEase Interactive Entertainment Limited*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PUBG Corporation and PUBG Santa Monica, Inc.<br><br>            Plaintiffs,<br><br>     v.<br><br>NetEase, Inc., NetEase Information Technology Corporation, and Hong Kong NetEase Interactive Entertainment Limited<br><br>            Defendants. | Case No. 4:18-cv-02010-JSW<br><br>**STIPULATION AND [PROPOSED] ORDER GRANTING LEAVE TO SUPPLEMENT THE RECORD FOR THE NETEASE DEFENDANTS' MOTION TO DISMISS** |

1    Pursuant to Northern District of California Civil Local Rule 7-3(d), Plaintiffs PUBG
2 Corporation and PUBG Santa Monica, Inc. (collectively, "PUBG") and Defendants NetEase Inc.,
3 NetEase Information Technology Corporation, and Hong Kong NetEase Interactive Entertainment
4 Limited (collectively, "NetEase" and with PUBG the "Parties"), by and through their respective
5 attorneys, hereby stipulate as follows:
6    WHEREAS, on July 17, 2018, NetEase filed a motion to dismiss PUBG's Second Amended
7 Complaint (the "Motion");
8    WHEREAS, on August 10, 2018, PUBG filed an opposition to NetEase's Motion;
9    WHEREAS, on August 24, 2018 NetEase filed a reply in support of its Motion, and briefing
10 on the Motion was completed pursuant to Civil Local Rule 7-3(d);
11    WHEREAS, on September 7, 2018 PUBG served its objections and responses to NetEase's
12 first set of interrogatories;
13    WHEREAS, on September 14, 2018 NetEase served its objections and responses to PUBG's
14 first set of interrogatories
15    WHEREAS, NetEase believes PUBG's interrogatory responses are relevant to the Motion
16 to Dismiss record because those responses indicate that all extant versions of *Rules of Survival* and
17 *Knives Out* are at issue in this litigation;
18    WHEREAS, PUBG believes NetEase's interrogatory responses are relevant to the Motion
19 to Dismiss record because those responses reflect NetEase's position that expert testimony is
20 required to address whether any aspect of PLAYERUNKNOWN'S BATTLEGROUNDS
21 constitutes *scenes a faire* (see, e.g., NetEase response to Interrogatory No. 4);
22    WHEREAS, the Parties therefore desire to supplement the record considered by the Court
23 when ruling on the Motion with interrogatory responses served by PUBG and NetEase on September
24 7 and September 14, respectively;
25    NOW THEREFORE, PUBG and NetEase hereby stipulate and agree, and request that the
26 Court enter an order as follows:
27    • PUBG Corporation's Objections and Responses to NetEase Information Technology
        Corporation's First Set of Interrogatories, and NetEase Inc.'s Objections and
28

Responses to PUBG Corporation's First Set of Interrogatories, which are attached as Exhibits A and B to the Declaration of Michael LaFond filed concurrently with this stipulation, shall be considered part of the record for the NetEase Defendants' Motion to Dismiss, and the Court may consider those interrogatory responses when making its ruling;

- The Court's consideration of these interrogatory responses does not convert NetEase's motion to dismiss into a motion for summary judgment.

**SO STIPULATED AND AGREED.**

DATED: September 24, 2018                SIDLEY AUSTIN LLP


                                          By   */s/ Steven S. Baik*
                                              Steven S. Baik
                                              *Attorneys for Plaintiffs PUBG Corporation and PUBG Santa Monica, Inc.*


DATED: September 24, 2018                QUINN EMANUEL URQUHART & SULLIVAN LLP


                                          By   */s/ Michael F. LaFond*
                                              Michael F. LaFond
                                              *Attorneys for Defendants NetEase Inc., NetEase Information Technology Corporation and Hong Kong NetEase Interactive Entertainment Limited*


**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from      Steven S. Baik      .


By:   */s/ Michael F. LaFond*

Dated: September 24, 2018

1  **PURSUANT TO STIPULATION, IT IS SO ORDERED:**

3  DATED: <u>September 25</u>, 2018        By: _____
4                                              The Hon. Jeffrey S. White
                                                United States District Court Judge