# Exhibit F

# Michael LaFond

| | |
|---|---|
| **From:** | Michael LaFond |
| **Sent:** | Tuesday, October 30, 2018 11:57 AM |
| **To:** | 'Ransom, Rollin' |
| **Cc:** | Claude M. Stern; Margret Caruso; Mark Tung; Ella Hallwass; QE-NetEase Team; PUBG-NetEase-Sidley; Baik, Steven; Lee, Jinyung |
| **Subject:** | RE: Meet and Confer Request in PUBG Corporation et al vs. NetEase Inc. et al (Case No. 18-cv-2010) |

Rollin,

As an initial matter, it would be impossible for us to identify every single allegation in the SAC that needs to be changed because PUBG has yet to provide us with a complete list of all of the images appearing in the SAC that PUBG bought from third parties. This information was requested months ago (*see*, *e.g*. NetEase's Interrogatory Nos. 13, 14, and 16 to PUBG), but we still do not have it. Any resolution of this dispute will require PUBG to provide that information in a sworn discovery response.

In the interim, based on our own investigation, we believe that PUBG must withdraw (or significantly modify) at least the following paragraphs of its SAC because they either allege similarities in images PUBG does not own, or contain allegations suggesting that the images in the complaint are PUBG's original works: SAC ¶¶23, 25, 32, 33, 57, 68, 71, 76, 89, 99, 102, 107, 121.

PUBG must also withdraw its MTD Opposition, as that filing cites extensively to these paragraphs. See, e.g. Dkt. 66 at 18, 19, 20 (citing the above paragraphs in support of opposition arguments). Separately, we are also curious about PUBG's Rule 11 basis for repeated statements in its opposition claiming "Defendants have made changes to both games in an effort to create alleged dissimilarities that did not exist at the time of PUBG's original filing." These statements are not backed by any declaration testimony, and, as stated in NetEase's brief, are simply incorrect. Nonetheless, PUBG put these statements in a paper filed with the Court, so we will need to know PUBG's Rule 11 basis.

At a minimum, PUBG will need to take the following steps:
(i) PUBG must provide a sworn discovery response identifying all of the materials in the SAC that come from third parties, this should also include instances where PUBG made modifications to third party materials (such as adding the letter "H" to the bandage bag purchased from the Unreal Marketplace);
(ii) PUBG must withdraw at least those paragraphs identified above, and any other paragraphs in the SAC that are implicated by the discovery response referenced above; and,
(iii) PUBG must withdraw at least those portions of its MTD opposition that cite to the above identified paragraphs, as well as any other paragraphs implicated by the discovery response identified above.

We can be available to meet and confer about a timeline for PUBG to complete these actions.

Best,
Mike

**Michael LaFond**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5064 Direct
650.801.5000 Main Office Number
650.801.5100 FAX

michaellafond@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Ransom, Rollin [mailto:rransom@sidley.com]
**Sent:** Monday, October 29, 2018 4:07 PM
**To:** Michael LaFond <michaellafond@quinnemanuel.com>
**Cc:** Claude M. Stern <claudestern@quinnemanuel.com>; Margret Caruso <margretcaruso@quinnemanuel.com>; Mark Tung <marktung@quinnemanuel.com>; Ella Hallwass <ellahallwass@quinnemanuel.com>; QE-NetEase Team <qe-neteaseteam@quinnemanuel.com>; PUBG-NetEase-Sidley <PUBGNetEaseSidley@sidley.com>; Baik, Steven <sbaik@sidley.com>; Lee, Jinyung <jinyung.lee@sidley.com>
**Subject:** RE: Meet and Confer Request in PUBG Corporation et al vs. NetEase Inc. et al (Case No. 18-cv-2010)

Michael:

Your e-mail fails to state why Steve's October 23 response does not "adequately address[] NetEase's concerns," and instead continues to mischaracterize PUBG's allegations, including through incomplete citations to the SAC.  As we have previously stated, there is no basis for a Rule 11 motion.

There is also no basis for a motion to stay resolution of NetEase's motion to dismiss.  Indeed, your proposed stay motion appears to be an improper effort to circumvent the express provisions of Rule 11 that a Rule 11 motion may not be "filed *or presented to the court*" until at least 21 days after service of the motion.  For these reasons, we object to the filing of your proposed stay motion and reserve all rights in that regard.

With respect to your availability for a meet and confer, in Steve's October 23 letter, he stated that "if NetEase still believes that an amendment [to the SAC] is necessary, PUBG is willing to meet and confer regarding the specific amendment that NetEase continues to seek."  Your e-mail fails to acknowledge this invitation, much less to advise as to the specific amendment that NetEase contends is required.  If you are sincerely interested in conferring respecting NetEase's claimed concerns, please advise as to the specific amendments you believe are necessary, so that the parties can have a meaningful discussion.

Rollin

**ROLLIN A. RANSOM**

**SIDLEY AUSTIN LLP**
+1 213 896 6047
rransom@sidley.com

> **From:** Michael LaFond <michaellafond@quinnemanuel.com>
> **Sent:** Monday, October 29, 2018 10:56 AM
> **To:** Lee, Jinyung <jinyung.lee@sidley.com>; Ransom, Rollin <rransom@sidley.com>; Baik, Steven <sbaik@sidley.com>; PUBG-NetEase-Sidley <PUBGNetEaseSidley@sidley.com>
> **Cc:** Claude M. Stern <claudestern@quinnemanuel.com>; Margret Caruso <margretcaruso@quinnemanuel.com>; Mark Tung <marktung@quinnemanuel.com>; Ella Hallwass

2

<ellahallwass@quinnemanuel.com>; QE-NetEase Team <qe-neteaseteam@quinnemanuel.com>
**Subject:** Meet and Confer Request in PUBG Corporation et al vs. NetEase Inc. et al (Case No. 18-cv-2010)

Counsel,

We received Steven Baik's letter of October 23, 2018, but we do not believe that letter adequately addresses NetEase's concerns.  This is especially so given the pendency of NetEase's motion to dismiss the SAC, because the SAC specifically alleged extensive copying of visual expression that PUBG does not own and has no right to assert.  *See*, *e.g*. Dkt. 32 at ¶102 ("Defendants copied PUBG's expressive depictions of the grenades.").

Based on our understanding of PUBG's position, NetEase intends to serve PUBG with a Rule 11 motion in the hopes of clarifying the record, but we are mindful of Rule 11's delayed filing provision.   Under the circumstances, tomorrow we intend to file an administrative motion to stay resolution of NetEase's pending motion to dismiss until these issues can be resolved.

We write to seek your position on our stay motion.   We are available today to meet and confer if you believe a call would be productive.  If so, please let us know your availability for a call.

Best,
Mike

**Michael LaFond**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5064 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
michaellafond@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

*******************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

*******************************************************************************