Steven S. Baik (SBN 184622)
sbaik@sidley.com
Jinyung Lee (Bar No. 307222)
jinyung.lee@sidley.com
Ryuk Park (SBN 298744)
ryuk.park@sidley.com
SIDLEY AUSTIN LLP
1001 Page Mill Road, Building 1
Palo Alto, CA 94304
Telephone: (650) 565 7074
Facsimile: (650) 565 7100

Rollin A. Ransom (SBN 196126)
rransom@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: (213) 896 6047
Facsimile: (213) 896 6600

Ketan V. Patel (*pro hac vice*)
ketan.patel@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839 5300
Facsimile: (212) 839 5599

Amanda R. Farfel (Bar No. 288126)
afarfel@sidley.com
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: (310) 595-9661
Facsimile: (310) 595-9501

*Attorneys for Plaintiffs PUBG Corporation and PUBG Santa Monica, Inc.*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Claude M. Stern (Bar No. 96737)
claudestern@quinnemanuel.com
Margret M. Caruso (Bar. No. 243473)
mmc@quinnemanuel.com
Mark Tung (Bar No. 245782)
marktung@quinnemanuel.com
Michael F. LaFond (Bar No. 303131)
michaellafond@quinnemanuel.com
555 Twin Dolphin Dr., 5th Fl.
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Defendants NetEase Inc., NetEase Information Technology Corporation and Hong Kong NetEase Interactive Entertainment Limited*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

PUBG Corporation and PUBG Santa Monica, Inc.,

Plaintiffs,

vs.

NetEase, Inc., NetEase Information Technology Corporation and Hong Kong NetEase Interactive Entertainment Limited,

Defendants.

Case No. 4:18-cv-02010-JSW

**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

**1. Jurisdiction & Service**

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and 1367. Defendants NetEase, Inc. and Hong Kong NetEase Interactive Entertainment Limited waived service pursuant to Fed. R. Civ. P. 4(d), and have not raised objections based on personal jurisdiction or venue. Defendant NetEase Information Technology Corporation has not raised objections based on service, personal jurisdiction or venue.

**2. Facts**

**Plaintiffs' Statement:**

Plaintiffs PUBG Corp. and PUBG Santa Monica (collectively, "PUBG") are the owners, authors, developers, managers and promoters of the video game PLAYERUNKNOWN'S BATTLEGROUNDS. PUBG owns registered copyrights associated with BATTLEGROUNDS. BATTLEGROUNDS was originally developed and released for personal computers ("PCs"). Following its release, BATTLEGROUNDS became the fastest selling game ever sold on the popular Steam distribution platform. By September 2017, BATTLEGROUNDS broke an all-time Steam record, having 1.35 million concurrent players and, in December 2017, reached 3 million concurrent players. To date, over fifty million copies of the PC version of BATTLEGROUNDS have been sold. Following the success of the PC version of BATTLEGROUNDS, PUBG began developing versions for the Xbox gaming system and for mobile (iOS and Android) platforms. PUBG released BATTLEGROUNDS for Xbox in December 2017 and for mobile platforms in March 2018.

BATTLEGROUNDS contains numerous unique and creative audio, visual and audio-visual elements, that individually and/or taken together constitute copyrightable works of creative expression created and owned by PUBG; in addition, PUBG's selection and combination of various pre-existing images (combined with or without original elements), particularly when combined with the corresponding attributes selected and applied by PUBG, constitutes original works of authorship that are protectable by copyright.

Defendants are publishers and promoters of two BATTLEGROUNDS copycats – *Rules of Survival* and *Knives Out* – that infringe Plaintiffs' copyrights and trade dress in BATTLEGROUNDS. Defendants' clones incorporate play areas, buildings, armor, selection and combination of weapons and consumables, and unique gameplay features. A small sampling of specific elements appears below:



*BATTLEGROUNDS*



*Rules of Survival*



*BATTLEGROUNDS*



*Knives Out*





*BATTLEGROUNDS*






*Rules of Survival*







*Knives Out*

Defendants' clones were released as free-to-play mobile applications on or about November 2017 (after BATTLEGROUNDS' PC release, but before its mobile platform release), thus capturing and retaining a significant share of the market. Defendants have also published PC versions.

**Defendants' Statement:**

Defendants NetEase, Inc., NetEase Information Technology Corporation, and Hong Kong NetEase Interactive Entertainment, Ltd. (collectively "NetEase") are three corporations in the NetEase family, which has specialized in the development of video games and electronic entertainment for more than 15 years. By December 31, 2017, NetEase had distributed over 100 mobile games of various genres. In 2017, NetEase introduced *Rules of Survival* and *Knives Out*, two new online games in the battle royale genre. That genre, rooted in a novel first published in 1999, has since increased in popularity and spawned movies and video games. Among the myriad battle royale games is *Battlegrounds,* developed by Plaintiffs PUBG Corporation and PUBG Santa Monica, Inc. (collectively "PUBG").

PUBG filed suit against NetEase's competitive games, *Rules of Survival* and *Knives Out*, claiming simultaneous copyright and trade dress protection over game mechanisms, rules, real-world objects, and elements that, by PUBG's own admission, have appeared in other games. Although PUBG contends that "BATTLEGROUNDS contains numerous unique and creative audio, visual and audio-visual elements, that individually and/or taken together constitute copyrightable works of creative expression created and owned by PUBG," (Plaintiff's Statement, SAC ¶ 23) PUBG alleged ownership of artwork that is "stock" artwork PUBG licensed from third parties on a non-exclusive basis. (*See* Dkt. 78 at 2-4 Dkt 80-4 at 2, 4, 7, 12, 13) PUBG thus has no right to assert creative expression or ownership in such works.

PUBG has told NetEase and the Court that it now intends to proceed on a "selection and arrangement" theory (Dkt. 80 at 1); but PUBG's "selection and arrangement" is not original either. Prior games, such as *Call of Duty: Modern Warfare 3* use the same selection and images as PUBG:

| ***Battlegrounds* Images** | ***Call of Duty: Modern Warfare 3* Images** |
| --- | --- |
| | |

| *Battlegrounds* Images | *Call of Duty: Modern Warfare 3* Images |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

PUBG has no right to assert copyright ownership in a selection of art and video game elements that it copied from others.

In any event, neither *Rules of Survival* nor *Knives Out* are similar to *Battlegrounds* in any protectable aspects, and PUBG's claims fail.

3. **Legal Issues**

The disputed points of law in this case include:

*i.* Whether Defendants are liable for copyright infringement (17 U.S.C. § 101 *et seq*.);

*ii.* Whether Defendants are liable for trade dress infringement (15 U.S.C. § 1125);

*iii.* Whether Defendants are liable for unfair competition (Cal. Bus. & Prof. Code § 17200 et seq. and at common law);

iv. Whether the asserted aspects of *Battlegrounds* are unprotectable because they are ideas, scenes-a-faire, game rules and mechanics, or merged ideas and expression;

v. Whether Plaintiffs fraudulently registered the *Battlegrounds* copyright by omitting from the copyright registration (i) that *Battlegrounds* is a derivative work, and (ii) that *Battlegrounds* incorporates assets licensed from third parties;

vi. Whether Plaintiffs have standing to assert copyrights over elements of *Battlegrounds* licensed on a non-exclusive basis from third parties;

vii. Whether Plaintiffs' repeated assertion of *Battlegrounds* against competitors who release competing video games constitutes copyright misuse.

**4. Motions**

Defendants filed a Motion to Dismiss (Dkt. 47), which is pending. Defendants also filed a Motion to Stay Motion to Dismiss Determination Pending Outcome of Rule 11 Dispute (Dkt. 78), which the Court denied (Dkt. 82).

**5. Amendment of Pleadings**

The parties have included a deadline in their proposed schedule, January 16, 2019, set forth in section 17 below, by which the parties may amend their pleadings without seeking leave of Court. Following that deadline, leave of Court must be obtained.

**6. Evidence Preservation**

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred regarding steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties will continue to meet and confer in an effort to reach an agreement.

**7. Disclosures**

Pursuant to the parties' agreement, initial disclosures were exchanged on August 3, 2018.

**8. Discovery**

Both parties have served initial written discovery requests.

PUBG anticipates that the scope of discovery in this case will include at least:

i. NetEase's documents and communications related to the development and operation of *Rules of Survival*, *Knives Out* and any predecessors;

ii. NetEase's documents and communications concerning PUBG;

iii. NetEase's awareness of the similarities between *Rules of Survival*, *Knives Out*, their predecessors and BATTLEGROUNDS and any copying thereof;

iv. Whether NetEase copied one or more elements of BATTLEGROUNDS;

v. Documents and communications related to NetEase financials, marketing and advertising for *Rules of Survival*, *Knives Out* and their predecessors;

vi. Communications with third parties regarding PUBG and BATTLEGROUNDS;

vii. Depositions of NetEase's directors, officers, employees, subcontractors, consultants, or any other individuals acting on NetEase's behalf that possess relevant information;

viii. Discovery from any third parties possessing relevant information.

NetEase anticipates that the scope of discovery in this case will include at least:

i. PUBG's documents and communications related to the development of *Battlegrounds*, as well as the development of a mobile version of *Battlegrounds* by PUBG's shareholder Tencent;

ii. Whether PUBG copied commonly-used video game features, tropes, and elements in the creation of *Battlegrounds,* precluding copyright protection;

iii. PUBG's use of art, and other video game assets, licensed from third parties on a non-exclusive basis;

iv. Whether PUBG has used of strategies designed to misuse copyrights to monopolize the market for "battle royale" video games and/or generally quash fair competition;

v. Documents in PUBG's possession, including possible customer complaints, relating to bugs and/or the "Fix the Game" campaign for *Battlegrounds*, as well as customer perceptions about the quality of the mobile version of *Battlegrounds*;

vi. PUBG's development costs, sales, profits, expenses, and financial projections related to *Battlegrounds*, including whether *Battlegrounds* has lost sales and market share to competitors, such as *Fortnite: Battle Royale*;

vii. Documents relating to any investigation PUBG performed before sending DMCA notices and filing complaints related to *Rules of Survival* and *Knives Out*, including discovery related to the lack of an investigation in possible violation of 17 U.S.C. §512(g) and/or Rule 11 of the Federal Rules of Civil Procedure;

viii. Third party discovery into PUBG's employees, in particular Brendan Greene, relating to the use or examination of, or exposure to, common and unoriginal video game elements that PUBG incorporated into *Battlegrounds*;

ix. Discovery into third party prior art relating to the "battle royale" genre, and whether *Battlegrounds* includes common elements from that genre;

x. Depositions of PUBG's employees, management, and contractors relating to the foregoing topics.

**Proposed Limitations on Discovery**

**Plaintiffs' Statement:**

Plaintiffs propose that discovery be conducted in two phases: (1) fact discovery and (2) expert discovery. The parties previously agreed to extend the deadline to exchange initial disclosures to August 3, 2018. Further, Plaintiffs propose the following restrictions:

- Each side shall be limited to 25 interrogatories, 75 requests for production and 50 requests for admission, other than for authentication purposes.
- Each side shall be limited to 10 depositions for fact witnesses and 7 hours per witness on the record. For those witnesses that require an interpreter, each hour of time on the record will count towards .5 hours towards the 7 hour limit. The parties will meet and confer on increased time for witnesses produced pursuant to Fed.R.Civ.P. 30(b)(6) based on good cause.

**Defendants' Statement:**

NetEase agrees separate fact discovery and expert discovery phases. Additionally, the Parties are close to agreement on a stipulation limiting discovery of Electronically Stored Information (ESI).

NetEase does not otherwise agree to discovery limitations beyond those imposed by the Federal Rules of Civil Procedure. PUBG did not propose limiting Requests for Production until ***after*** NetEase had already served discovery, so PUBG's proposal would unfairly limit NetEase. NetEase also objects to a limit on Requests for Admission, which can be helpful to limit copyright contentions. *E.g. Adobe Sys. Inc. v. Christenson*, 2011 WL 540278, at *7 (D. Nev. Feb. 7, 2011)).

However, NetEase will agree that depositions requiring an interpreter may take place over 10 hours instead of 7, provided that the time is divided between two days, with no single day lasting longer than 7 hours on the record.

**9. Class Actions**

Not Applicable.

**10. Related Cases**

None.

**11. Relief**

**Plaintiffs' Statement:**

PUBG's requested relief set forth in its Complaint can be summarized as follows:

i. Permanently enjoin Defendants from continuing to infringe PUBG's copyrights and trade dress, as well as their unlawful, unfair, and/or fraudulent business conduct;

ii. Order Defendants to remove *Rules of Survival*, *Knives Out*, and similarly infringing games, from distribution and to cease developing and supporting those games;

iii. Award PUBG statutory damages for willful copyright infringement, or, in the alternative, at PUBG's election, PUBG's actual damages and/or Defendants' profits;

iv. Award PUBG statutory damages for unlawful, unfair, and/or fraudulent business conduct;

v. Award PUBG actual damages in an amount sufficient to at least make PUBG whole;

vi. Award PUBG reasonable attorneys' fees and costs; and

vii. Grant PUBG any other and further relief this Court deems just and proper.

**Defendants' Statement**

NetEase has not yet answered the complaint, and reserves the right to bring counterclaims with its answer. For now, NetEase is seeking costs and attorneys' fees pursuant to 17 U.S.C. §505.

**12. Settlement and ADR**

The parties have conducted a private mediation.

**13. Consent to Magistrate Judge For All Purposes**

Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ____ YES _X_ NO

**14. Other References**

The parties do not believe that special procedures are warranted at this time.

**15. Narrowing of Issues**

The parties are not aware of any issues for narrowing at this time.

**16. Expedited Trial Procedure**

The parties do not believe that this action may be handled via expedited basis.

**17. Scheduling**

Plaintiffs request that the Court set forth the following Scheduling Order:

| **Event** | **Deadline** |
|---|---|
| Initial Disclosures | Aug. 3, 2018 |
| Amend Pleadings | 2 months after CMC (Jan. 16, 2019) |
| Close of Fact Discovery | 6 months after CMC (May 17, 2019) |
| Opening Expert Reports | 1 month after close of Fact Discovery (June 21, 2019) |
| Rebuttal Expert Reports | 4 weeks after Opening Expert Reports (July 19, 2019) |
| Close of Expert Discovery | 2 weeks after Rebuttal Expert Reports (August 2, 2019) |
| Dispositive Motions | 2 weeks after close of Expert Discovery (August 16, 2019) |
| Hearing on Dispositive Motions | 1 month after filing Dispositive Motions (Sept. 20, 2019) |
| Pre-Trial Disclosures | 2 weeks after Hearing (October 4, 2019) |
| Pre-Trial Conference | 2 weeks after Pre-Trial Disclosures (October 18, 2019) |
| Trial (7 days) | 1 week after Pre-Trial Conference (October 25, 2019) |

Defendants request that the Court set forth either of the following Scheduling Orders, depending upon whether the trade dress claims persist in this case:[1]

| **Event** | **Date (Copyright Only)** | **Date (Trade Dress)** |
|---|---|---|
| Initial Disclosures | Aug. 3, 2018 | Aug. 3, 2018 |
| Deadline to Amend Pleadings | Jan. 16, 2019 | Jan. 16, 2019 |
| PUBG to Identify and Produce All Non-Proprietary Visuals or Elements Located Within *Battlegrounds* | Jan. 16, 2019 | Jan. 16, 2019 |
| Close of Fact Discovery[2] | August 16, 2019 | August 16, 2019 |
| Opening Expert Reports | September 16, 2019 | September 16, 2019 |
| Production of Surveys | - | September 16, 2019 |
| Rebuttal Expert Reports | October 16, 2019 | November 25, 2019 |
| Rebuttal Surveys | - | November 25, 2019 |
| Close of Expert Discovery | November 15, 2019 | January 20, 2020 |
| Dispositive Motions | November 20, 2019 | February 3, 2020 |
| Hearing on Dispositive Motions | December 21, 2019 | March 3, 2020 |
| Pre-Trial Disclosures | January 10, 2020 | March 24, 2020 |
| Pre-Trial Conference | January 24, 2020 | April 7, 2020 |
| Trial (7 days) | January 31, 2020 | April 14, 2020 |

---

1 If the trade dress claims persist in this case, performing surveys will take a significant amount of additional time, necessitating a longer period of expert discovery.

2 Many PUBG employees are in countries that are members of the Hague Evidence convention, so NetEase anticipates utilizing letters rogatory to obtain third party discovery from those employees in their individual capacities. In the experience of NetEase's counsel, discovery through the Hague Convention is time consuming, necessitating at least 9 months of fact discovery.

**18. Trial**

The parties request a jury trial. The parties anticipate a 7 day trial.

**19. Disclosure of Non-Party Interested Entities or Persons**

On April 2, 2018 (Dkt. Nos. 3 and 4), Plaintiffs filed their Certifications of Interested Entities or Persons which each state: "Pursuant to Civil L.R. 3-15, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: PUBG Corporation; PUBG Santa Monica, Inc.; and Bluehole Studio Inc. PUBG Corporation and PUBG Santa Monica, Inc. are both plaintiffs in this action. PUBG Santa Monica, Inc. is a wholly owned subsidiary of PUBG Corporation, and PUBG Corporation is a wholly owned subsidiary of Bluehole Studio Inc. Pursuant to Fed. R. Civ. P. 7.1, [Plaintiffs] state[] that [they have] no other parent corporation, and no public corporation owns 10% or more of [their] stock."

On April 17, 2018 (Dkt. No. 25), NetEase Information Technology Corporation filed its Certification of Interested Entities or Persons which states, "Pursuant to Federal Rule of Civil Procedure 7.1 and Northern District of California Local Rule 3-15, NetEase Information Technology Corporation hereby discloses the following: NetEase Information Technology Corporation is 100% owned by NetEase (Hong Kong) Limited. Accordingly, NetEase Information Technology Corporation, is aware of no other persons, associates, firms, partnerships, corporations, or other entities who own 10% or more of NetEase Information Technology Corporation."

**20. Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other**

None.

Dated: 11/9/2018 /s/ *Ketan V. Patel*

Steven S. Baik (SBN 184622)
sbaik@sidley.com
Jinyung Lee (Bar No. 307222)
jinyung.lee@sidley.com
Ryuk Park (SBN 298744)
ryuk.park@sidley.com
SIDLEY AUSTIN LLP
1001 Page Mill Road, Building 1
Palo Alto, CA 94304
Telephone: (650) 565 7074
Facsimile: (650) 565 7100

Rollin A. Ransom (SBN 196126)
rransom@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: (213) 896 6047
Facsimile: (213) 896 6600

Ketan V. Patel (*pro hac vice*)
ketan.patel@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839 5300
Facsimile: (212) 839 5599

Amanda R. Farfel (Bar No. 288126)
afarfel@sidley.com
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: (310) 595-9661
Facsimile: (310) 595-9501
*Counsel for Plaintiffs*

Dated: 11/9 /s/ *Margret Caruso*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Claude M. Stern (Bar No. 96737)
claudestern@quinnemanuel.com
Margret M. Caruso (Bar. No. 243473)
mmc@quinnemanuel.com
Mark Tung (Bar No. 245782)
marktung@quinnemanuel.com

_______________________________
Michael F. LaFond (Bar No. 303131)
michaellafond@quinnemanuel.com
555 Twin Dolphin Dr., 5th Fl.
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Counsel for Defendants*

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Margret C. Caruso.

By: *_______/s/ Ketan V. Patel_______*,

Dated: November 9, 2018

**CASE MANAGEMENT ORDER**

The JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER, as modified above, is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

________________________________________

UNITED STATES DISTRICT JUDGE